IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
KIRANMAI KOLLA, et al.,          )
                                 )
              Plaintiffs,        )
                                 )
    v.                           )     1:20CV688
                                 )
ALEJANDRO MAYORKAS,[1]           )
Secretary of Homeland            )
Security, et al.,                )
                                 )
              Defendants.        )
```

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Presently before this court is Defendants' Motion to Dismiss or Transfer Venue, (Doc. 11), pursuant to Fed. R. Civ. P. 12(b)(3), 28 U.S.C. 1406(a), and 28 U.S.C. 1404(a). (Doc. 11.) Plaintiffs filed a response to Defendants' motion disputing dismissal but agreeing that transfer to the District of Columbia would be appropriate and requesting that such a transfer be made. (Doc. 15.) Defendants filed a reply reiterating the request for transfer without mentioning dismissal. (Doc. 18.) This court agrees with the parties and will grant the motion to

---

[1] The United States Senate confirmed Alejandro Mayorkas as Secretary of Homeland Security, and he took the oath of office on February 2, 2021. The case caption is hereby amended to accurately reflect Mr. Mayorkas as Defendant.

transfer this case to the District of Columbia. By granting this motion, this court finds that Plaintiffs do not waive any arguments that venue is also proper in this district. (See Doc. 15 at 1-2.) Also pending before this court is Plaintiffs' Motion for a Preliminary Injunction, (Doc. 6). In light of the transfer, this court will defer ruling on that motion to the transferee court.

I. **STATEMENT OF THE FACTS**

Plaintiffs are each citizens and nationals of India who maintain residences in various states throughout the United States. (Complaint ("Compl.") (Doc. 1) ¶¶ 1-17.) Plaintiffs challenge Presidential Proclamation 10052, which "determined that the entry, through December 31, 2020, of certain aliens as immigrants and nonimmigrants would be detrimental to the interests of the United States," including "H-1B, H-2B, J, and L nonimmigrant visa program." Suspension of Entry of Immigrants and Nonimmigrants Who Present a Risk to the United States Labor Market During the Economic Recovery Following the 2019 Novel Coronavirus Outbreak, 85 Fed. Reg. 38,263, 38,264 (June 22, 2020). Plaintiffs allege that the Proclamation "overrides a detailed and reticulated statutory regime, and subverts Congress's legislative compromises, regulating the employment of foreign nationals and providing for the needs of United States

employers." (Compl. (Doc. 1) ¶ 32.) For this reason, Plaintiffs argue that the executive expressly and unlawfully overrode the Immigration and Nationality Act by issuing the Proclamation. (Id. ¶ 31.)

**II. ANALYSIS**

The parties agree that the case should be transferred to the District of Columbia. 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The statute sets forth a two-step process for determining whether or not to transfer the case. The court must first determine whether the action could have been brought in the district to which Defendants seeks a transfer. See id.; Knight Med., Inc. v. Nihon Kohden Am., Inc., 765 F. Supp. 291, 292 (M.D.N.C. 1991). "After determining that a suit could have been brought in another district, the court must determine whether that forum is a legally convenient one pursuant to 28 U.S.C. § 1404(a)." Knight Med., 765 F. Supp. at 292.

When making such a determination, a district court must weigh several discretionary factors, including:

> (1) the plaintiff's initial choice of forum; (2) relative ease of access to sources of proof; (3) availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining

- 3 -

> attendance of willing and unwilling witnesses; (4) possibility of a view of the premises, if appropriate; (5) enforceability of a judgment, if one is obtained; (6) relative advantage and obstacles to a fair trial; (7) other practical problems that make a trial easy, expeditious, and inexpensive; (8) administrative difficulties of court congestion; (9) local interest in having localized controversies settled at home; (10) appropriateness in having a trial of a diversity case in a forum that is at home with the state law that must govern the action; and (11) avoidance of unnecessary problems with conflicts of laws.

Brown v. Flowers, 297 F. Supp. 2d 846, 850 (M.D.N.C. 2003) (citing Plant Genetic Sys. N.V. v. Ciba Seeds, 933 F. Supp. 519, 527 (M.D.N.C. 1996)). It is the moving party's burden to prove that the balance of factors favors transfer. Speed Trac Techs., Inc. v. Estes Express Lines, Inc., 567 F. Supp. 2d 799, 803 (M.D.N.C. 2008). While a district court has discretion to transfer the action to a more appropriate venue, a court should not transfer venue where doing so would only shift the inconvenience to another party. See id.

The first step for this court in assessing whether a transfer is appropriate is determining whether the transferee court is one which the action could have been brought originally; in other words, whether the transferee court has subject matter jurisdiction over the action, whether venue is proper there, and whether the defendant is amenable to process issuing out of the transferee court. Cable-La, Inc. v. Williams Commc'ns, Inc., 104 F. Supp. 2d 569, 574 (M.D.N.C. 1999). The

- 4 -

Defendants in their official capacities operate out of the District of Columbia, and the events giving rise to the claims occurred at the White House - given this was a presidential proclamation. The action could have been brought there originally and the Defendants are, in fact, amenable to such a transfer. There is a more substantial local interest for this case in the District of Columbia than in North Carolina, given where Defendants are located and the origin of the policy in the District of Columbia.

Administrative interests of the courts also urge transfer, as it would allow for consolidation of this case with related action Panda v. Wolf, No. 1:20-cv-01907 (D.D.C. filed July 14, 2020). Panda involves "the same six causes of action against the Proclamation 10052" and requests identical relief. (Doc. 12 at 7-8.) Finally, "all of the potential witnesses are located in the District of Columbia or India," rather than North Carolina, so access to proof weighs in favor of transfer. (Id. at 29.) Overall, the convenience factors weigh in favor of granting Defendants' – and Plaintiffs' – request to transfer.

III. **CONCLUSION**

For the aforementioned reasons,

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss or Transfer Venue, (Doc. 11), is **GRANTED** and that this case

shall be transferred to the United States District Court for the District of Columbia.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for a Preliminary Injunction, (Doc. 6), is **DENIED AS MOOT**.

This the 22nd day of March, 2021.

　　　　　　　　　　　　／s／ William L. Osteen, Jr.
　　　　　　　　　　　　United States District Judge